**Charles M. SCHONBERGER, et al., Plaintiffs,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD, et al., Defendants.**

Civ. A. No. 80–1301.

United States District Court, District of Columbia.

Feb. 25, 1981.

Employees, and Daniel T. Hinton, an employee of NTSB. The NTSB and its chairman, James B. King, are the defendants.

On April 14, 1980, the plaintiffs requested access to information about the action taken by the Managing Director of NTSB concerning a grievance matter filed against B. Michael Levins, who is Hinton's supervisor. Hinton, represented by Schonberger as union steward, had sought a remedy through the grievance procedure against Levins as a result of an alleged battery committed by Levins against Hinton. On April 16, 1980, plaintiffs' request for the information was denied on the ground that the material sought was exempt from disclosure under two provisions of FOIA, exemption two (5 U.S.C. § 552(b)(2)) which covers matters solely related to internal personnel matters and practices within an agency, and exemption six (5 U.S.C. § 552(b)(6)), which regulates disclosure of records that would constitute an unwarranted invasion of privacy. Several days later plaintiffs appealed the decision denying disclosure to Chairman King, who denied their appeal pursuant to exemption six. The complaint was then instituted in this court.

█ The defendants contend that plaintiffs' request is governed by FOIA's exemption six, which protects from disclosure "matters that are ... personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To satisfy exemption six, the defendants must meet both aspects of the statutory test, showing that the material requested 1) is part of a personnel, medical, or similar file, and if so 2) would, if disclosed publicly, constitute a clearly unwarranted invasion of personal privacy. See Simpson v. Vance (D.C.Cir.1980), 648 F. 2d 10 at 12; Board of Trade of the City of Chicago v. Commodity Futures Trading Commission, (Board of Trade v. CFTC) 627 F.2d 392, 396 (D.C.Cir.1980). Once the first requirement is resolved, there must be a determination of whether the defendant

Daniel T. Hinton, Washington, D. C., Claude M. Schonberger, Alexandria, Va., for plaintiffs.

Rebecca L. Ross, Asst. U.S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

This suit under the Freedom of Information Act, 5 U.S.C. § 552 (1976) (FOIA) is before the Court on the parties' cross-motions for summary judgment. The plaintiffs are Claude Schonberger, an employee of the National Transportation Safety Board (NTSB), and Vice-President of Local 3313, American Federation of Government

meets the second prong of the test and in so doing, the court must balance the public interest in the free availability of information against the personal privacy interest of the individual who is named and discussed in the material sought. *See Simpson, supra,* at 12–13; *Board of Trade v. CFTC, supra* at 398.

Plaintiffs assert that

"This is not a witchhunt, a fishing expedition, or a hunt into a man's personnel file but, on the contrary, a request for decision as to what action was taken against Mr. B. Michael Levine... requesting information which is an integral part of the agency's grievance process."

Pls.' Cross Motion for Summary Judgment at 2.

Nonetheless, the plaintiffs do not dispute that the information sought has now "become a part of Mr. Levin's personnel file." *Id.*

▮ Noting that "the document plaintiff-employee seeks is located in his supervisor's personnel record and involves Mr. Levins' supervisor's response to Mr. Levins' action," the defendants insist that the material requested clearly meets the requirement that the information be part of a personnel, medical, or similar file. In *Department of Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), examples of material contained in personnel files were delineated: it was noted that such files usually contain "vasts amounts of personal data", including the individual's birthplace, "the names of his parents, where he has lived from time to time, his high school or other school records, results of examinations, evaluations of his work performance." *Id.* at 377, 96 S.Ct. at 1606. The request in this case, seeking information concerning a disciplinary action against Levins, surely requests information located in that individual's personnel file, but, even were a matter relating to the discipline of an employee insufficient in and of itself to be constituted as "part of a personnel file", there seems little doubt it could readily be characterized as "similar file" within the purview of Exemption 6.

Clearly, the purpose of that exemption is to "protect individuals from public disclosure of intimate details of their lives", *Rural Housing Alliance v. United States Department of Agriculture,* 498 F.2d 73, 77 (D.C.Cir.1974). In determining whether the information is "similar" to personnel and medical files under the Act, the data must be "of the same magnitude—as highly personal or as intimate in nature—as that at stake in personnel and medical records", *Board of Trade v. CFTC, supra,* 627 F.2d at 398. *See, Simpson v. Vance, supra,* at 13–14. In *Department of Air Force v. Rose, supra,* 425 U.S. at 376–77, 96 S.Ct. at 1606, the Supreme Court determined that Air Force Academy case summaries relating to the discipline of cadet personnel constituted "similar files."

The issue then is whether disclosure of the material requested would be in the public interest or if, instead, disclosure would cause an invasion of Levins' privacy that would outweigh whatever public benefit is gained in making this information freely available.

The defendants maintain that the information sought concerns a purely personal matter, and that its disclosure would subject Levins to "difficulties tantamount to life long embarrassment, perhaps disgrace, as well as practical disabilities, such as loss of employment or friends." *Department of the Air Force, supra,* at 377, 96 S.Ct. at 1606. Characterizing the information as containing intimate details, the defendants contend that the balance under exemption six lies in Levins' favor because the public interest in one man's personnel record (or "similar" file) recounting the disposition of a single grievance cannot be considered as substantial. Compared to this *de minimis* interest is the legitimate privacy concern of Levins to avoid the public revelation of embarrassing information which might harm him professionally or personally.

The plaintiffs dispute the defendants' view of the balancing test, arguing that FOIA compels disclosure of "final opinions, including concurring and dissenting opin-

ions, as well as orders, made in the adjudication of cases ....." 5 U.S.C. § 552(a)(2)(A). Asserting a private, substantial need for the information in order to ascertain whether the NTSB's grievance procedures are fair, impartial and effective, and the "adequacy of remedies sought in [the] grievance [against Hinton]," Pl. Opp. to Motion for Summ. Judgt. and Cross Motion for Summ. Judgt. at 2, they suggest the public also is interested in this information for the same reasons. The tilt, they claim, therefore, is in favor of disclosure under the balancing test and the material should be released. *See Ditlow v. Schultz,* 517 F.2d 166, 169 (D.C.Cir.1975). As to the invasion of Levins' privacy, plaintiffs submit that minimal invasion would result because the fact that a grievance was filed is already public knowledge. It is clear, nonetheless, that the action resulting from that grievance is unknown and the refusal to disclose it has prompted this litigation.

▪ To satisfy exemption six under the second facet of the test, a case-by-case balancing approach must be applied to determine whether the public's interest in disclosure outweighs the individual's interest in privacy. In *Rural Housing Alliance v. United States Department of Agriculture,* 498 F.2d 73 (D.C.Cir.1974), the Court of Appeals noted that the exemption "is phrased broadly to protect individuals from a wide range of embarrassing disclosures." *Id.* at 77. The recent decision of *Board of Trade v. CFTC, supra,* indicated various applications of the balancing approach:

> ... we have held that 'information regarding marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights [and] reputation' is within the purview of Exemption 6.
> Similarly, Air Force Academy case summaries of honors and ethics hearings fall within the exemption to the extent that they may only be released after deletion of identifying details. In contrast, names and addresses of employees eligible to vote in labor representation elections are

not exempt, nor are names and addresses of persons whose homes were built on uranium tailings.

*Id.* at 399 (footnotes omitted).

▪ Initially the Court, in determining the quantum of public interest attached to the plaintiffs' request, must consider the likelihood that plaintiff will use the information in a manner that benefits the public. *Providence Journal Co. v. Federal Bureau of Investigation,* 460 F.Supp. 778, 788 (D.R. I.1978) (dicta), *rev'd on other grounds* 602 F.2d 1010 (1st Cir. 1979), *cert. denied* 444 U.S. 1071, 100 S.Ct. 1015, 62 L.Ed.2d 752 (1980). Although plaintiffs' particularized need for the material is not relevant to the adjudication of whether the exemption prevents disclosure, *McClelland v. Andrus,* 606 F.2d 1278, 1287 (D.C.Cir.1979), plaintiffs' own statement that they seek to discover whether their particular grievance action brought about an effective remedy undermines their declarations of the *public* interest.

▪ Various decisions have disclosed information affecting the privacy interests of the individuals whose records were released, but only where the identifying particulars could be redacted to protect those persons. In *Department of the Air Force, supra,* the Supreme Court found that case summaries of cadets at the Air Force Academy involved in proceedings under this institution's honor system could be disclosed without violating those students' privacy interests as long as they were segregated sufficiently to protect the students' identity.

A similar result was reached in *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.), *cert. denied* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). The plaintiff sought, among other materials, memoranda on disciplinary proceedings involving persons within the IRS. The Court, citing *Department of the Air Force, supra,* released the information only after the IRS was allowed to redact all identifying information. Without such a redaction, the intrusion into the individuals' privacy by "publication of embarrassing personal information" would have outweighed the public interest about the conduct of IRS operations. *Id.* at 842.

An important additional factor here, then, is that there is no reasonable way to segregate the material in question to protect the person's privacy because the request sought one document, identified by name and date, applying solely to one individual. See Complaint, Exh. A (seeking "access to information or a copy of action taken by ... N.T.S.B. concerning Mr. B. Michael Levins, as a result of a grievance involving Mr. Daniel Hinton, dated March 28, 1980.") Accordingly, the material cannot be redacted in a manner that would protect the identity of the individual whose privacy interest is at stake.

Given the inability of segregation, it appears that disclosure would invade Levins' privacy to a greater extent than it would benefit the public interest. Although the material sought does not present information that rises to the same level of intimacy as does one's marital status, *see, e. g., Simpson v. Vance, supra*, at ——, it is sufficiently personal to trigger the privacy protection embodied in exemption six.

Similarly, the Court in *Plain Dealer Publishing Company v. United States Department of Labor*, 471 F.Supp. 1023 (D.D.C. 1979), held that workers' compensation files of employees of the Office of Workers' Compensation Programs in the Department of Labor were exempt under exemption six of FOIA because the individuals whose records would have been released would have suffered embarrassment from disclosure of confidential information concerning their illnesses, and also that the persons might have been damaged professionally in that their future employment opportunities would have been affected. This privacy interest outweighed the public interest in disclosure of the files, despite plaintiffs' allegation that improper conduct might be involved.

In sum, this FOIA action by an employee and his labor representative seeks certain singular information from a "similar file" of another employee (supervisor) which will advise what consequences, disciplinary or otherwise, resulted from the plaintiffs' grievance. Whatever right plaintiffs may

have to this information through appropriate discovery procedures in other litigation, if any, it is evident that the interest by the public here does not outweigh the "clearly unwarranted invasion of personal privacy" which would be borne by the supervisor-employee in the event of disclosure.

No material issues of fact remaining, defendants are entitled to judgment as a matter of law and their motion for summary judgment shall be granted. An appropriate order is filed this date.