Julie **HELLER, et al., Plaintiffs,**

v.

**U.S. MARSHALS SERVICE, et al., Defendants.**

**Civ. A. No. 85–2546.**

United States District Court, District of Columbia.

March 9, 1987.

Kevin B. Zeese, Washington, D.C., for plaintiffs.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiffs bring this action to gain access to various law enforcement records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1986). These records deal with an investigation that followed the discovery of a small amount of cocaine in or near the jury room during trial in *United States v. Meinster*, No. 79–165–CR–JLK (S.D.Fla.1979). Plaintiffs are friends of one of the defendants in *Meinster*, a Robert Platshorn, who was found guilty and is now incarcerated. Pending before the Court are cross-motions for summary judgment. For the reasons stated below, the Court concludes that the records sought by plaintiffs fall within various exceptions to FOIA. Accordingly, access to these records will be denied, and this case will be dismissed.

### I

Plaintiffs' requests for documents arise out of a widely publicized trial in Florida in 1980. The jury had been sequestered in a local hotel, and U.S. Marshals found a vial of cocaine in one of the rooms. Apparently, the cocaine was found in the Marshals' "command post," to which jurors had no access. Although the facts are far from clear, it does appear that the Marshals tested the cocaine and destroyed it. However, the Marshals did not bring the matter to the attention of the presiding judge because he had apparently cautioned them not to trouble him with irrelevancies. Instead, one of the Marshals told defense counsel about the discovery, and defense counsel moved for a mistrial. The judge denied this motion and declined to appoint a special prosecutor, saying that the affidavits submitted "at best fall far short of the necessary showing that something occurred which affected the fair deliberation of the jury." *United States v. Meinster*, slip op. at 2 (Order of September 12, 1980).

The Department of Justice's Office of Professional Responsibility then investigat-

ed the incident and issued a report (which was partially withheld from plaintiffs and is one of the documents at issue here). The report found little or no wrongdoing on the part of the Marshals. A *Bivens* action was filed against the Marshals, and summary judgment was entered in their favor. *Myers v. Forscht*, No. 84–1391 (S.D.Fla. May 23, 1985).

Plaintiffs requested the documents in question from the Marshals Service on September 2, 1983, and from the Office of Professional Responsibility (OPR) on that date and also on August 14, 1984. These requests were for "a copy of all records, reports, affidavits, and memoranda produced or prepared for or as a result" of the OPR investigation of the cocaine discovery. The Marshals Service released ten documents and withheld others, pursuant to FOIA exemptions 5, 6, and 7(C). OPR released a redacted copy of its final report and withheld other documents, pursuant to FOIA exemptions 2, 5, 6, and 7. Plaintiffs now dispute the withholding of the redacted portions of the OPR report, as well as twenty-three other documents. The parties have identified these documents as "Bobzien affidavit" documents number 1 and 3–15, and "Graham affidavit" documents number B5–9 and C10–14. All of these documents have been reviewed by the Court *in camera*, pursuant to the Court's Order of October 3, 1986. For the sake of simplicity, the Court will use these same labels.

## II

Exemption 7 is perhaps the most frequently litigated of the FOIA exemptions. This exemption in part allows an agency to withhold "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy...." 5 U.S.C. § 552(b)(7). A leading case on this exemption is *Stern v. FBI*, 737 F.2d 84 (D.C.Cir.1984). Under *Stern*, a court in applying exemption 7(C) must first determine whether the documents in question are "investigatory records compiled for law enforcement purposes," and if they are, the

withholding agency bears the burden of showing why disclosure would cause an unwarranted invasion of privacy. 737 F.2d at 88.

■ This analysis calls for nondisclosure of many of the documents sought in the instant case. These are, conservatively, documents 1, 3, 8, 9, and 10 from the Bobzien affidavit and all of the documents from the Graham affidavit. As a threshold matter, all of these documents clearly are "investigatory records compiled for law enforcement purposes," since they represent part of an inquiry into specific wrongdoing by specific Marshals and jurors. The only question is whether the privacy interests at stake outweigh the public interest in disclosure.

The *Stern* court considered this balance in regard to employee records. According to *Stern*, not only do employees have a privacy interest in their employment histories, but they have a strong interest in not being associated unwarrantedly with alleged criminal activity. The court further stated that the exemption "affords broad privacy rights to suspects, witnesses, and investigators," and that when individuals are investigated but not prosecuted, disclosure should be allowed *only* if the public interest in the information outweighs "the significant privacy interests implicated." 737 F.2d at 92.

In this case, document 3 from the Bobzien affidavit affords a good example of why the *Stern* balance mandates nondisclosure. This document is the report of a polygraph examination of one of the Marshals who cooperated in the OPR investigation. Two major public interests might justify disclosing such a document. The first, not relied upon by plaintiffs, is to root out wrongdoing by federal employees; "[t]here is a public interest in how well public officials are performing their official duties." J. O'Reilly, Federal Information Disclosure 17–41 (1986). The second public interest, urged by plaintiffs, to to ensure that the *Meinster* trial was fair.

Neither of these interests is strong in this case. First, a federal judge has al-

ready decided that there were not sufficient grounds for inferring juror misconduct or appointing a special prosecutor. Second, a different judge granted summary judgment for the Marshals in a *Bivens* action against them. Third, the Department of Justice conducted what seems to have been a thorough investigation and found virtually no wrongdoing.[1]

On the other hand, the privacy interests in withholding, for example, document 3 in the Bobzien affidavit, are extremely strong. The official whose polygraph examination was taken had cooperated in the investigation and was cleared of any significant wrongdoing. If such a document is disclosed, this official, in return for his cooperation, may undergo considerable embarrassment and perhaps damage to his career. Courts have long recognized that simply mentioning a person's name in a law enforcement file can stigmatize that person, even if he is not the subject of the investigation. *See Miller v. Bell*, 661 F.2d 623, 631–32 (7th Cir.1981). The Court of Appeals for this Circuit has also noted that documents which carry "the imprimatur of an official investigation ... threaten[ ] much greater damage to an individual's reputation than newspaper articles or editorial columns." *Bast v. Department of Justice*, 665 F.2d 1251 (D.C.Cir.1981). Moreover, the identities of law enforcement personnel whose names are mentioned in investigatory files are routinely withheld in order not to harass or annoy them, or interfere in their ability to perform their duty. *See Nix v. United States*, 572 F.2d 998, 1006 (4th Cir.1978).

All other documents that will be withheld under exemption 7(C) embody the same balance in favor of personal privacy. For example, document B–5 from the Graham affidavit is an internal memorandum that discusses entirely unsubstantiated allega-

tions about the cocaine discovery and purportedly related "payoffs" to Marshals. Document 8 from the Bobzien affidavit is a very detailed report on this incident from OPR—a report that, again, found only minor, if any, wrongdoing. The release of such documents would exact a heavy price from innocent officials,[2] without advancing a perceptible public interest. Consequently, the documents mentioned will be withheld under exemption 7(C).

### III

■ FOIA exemption 6 allows nondisclosure of "personnel and medical files and similar files which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The same balance between public interest and privacy applies to this exemption, except that a stronger showing of privacy invasion is neded before the documents can be withheld. 737 F.2d at 91. At least five documents may be withheld under this exemption.

Documents 5, 6, and 7 from the Bobzien affidavit are a series of letters to or from the attorney for one Marshal, OPR, and the Marshals Service. The letters discuss whether or not the Marshals Service had retaliated against a marshal who cooperated in the OPR investigation. Obviously, this Marshal has an extremely strong interest in protecting the privacy of such personnel files. And since the events discussed in this correspondence had only the most tangential relationship to the cocaine discovery, the public interest in their disclosure is weak at best.

Documents 12 and 13 are an exchange of correspondence between a Marshal's attorney and OPR. These letters express personal viewpoints on the OPR investigation, and personal viewpoints on the polygraph

---

1. Even if the investigation found minor wrongdoing in the Marshals' failure to inform the judge about the cocaine, the documents inspected *in camera* by this Court do not reveal a shred of evidence of impropriety in the jury deliberations.

2. Redacting names of Marshals in these documents would not sufficiently protect their pri-

vacy interests. Many, if not all, of the Marshals involved in the cocaine incident have been sued in a civil action, and their identities are public information. However, knowledge of their identities by no means calls for release of unjustifiably damaging or embarrassing material, in the absence of a strong reason to do so.

exam mentioned earlier. Again, disclosing such personal correspondence would cause serious privacy invasions without advancing a measurable public interest.

Consequently, these documents may be withheld under exemption 6.

## IV

FOIA exemption 5 allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers materials that encompass the "deliberative process" or "predecisional memoranda" of agency officials, and also covers attorney work product. *See generally* J. O'Reilly, *supra,* chapter 15.

■ Document 11 from the Bobzien affidvit is the quintessential "predecisional memorandum," and may be withheld. The document is a memo scrawled on a notepad by an OPR attorney. The memo tosses off a few tentative ideas about what the OPR report on the *Meinster* investigation should say. The disclosure of such a memo would seriously harm an agency's decisionmaking process without conceivable benefit to the public. *See NLRB v. Sears & Roebuck Co.,* 421 U.S. 132, 151, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975).

■ Documents 14 and 15 from the Bobzien affidavit are handwritten notes by OPR attorneys, containing some perceptions of the OPR investigation. These documents may be withheld as attorney work product. In *FTC v. Grolier, Inc.,* 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983), the Supreme Court reiterated that exemption 5 of FOIA encompasses the traditional work product rule applied to the discovery process. According to this rule, documents prepared in reasonable anticipation of litigation [3] may only be disclosed on a showing of "substantial need." *See Hickman v.*

*Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3). Plaintiffs have not even made a colorable showing of such need in this case, nor could they, in light of the contents of these memos.

Consequently, the above documents will be withheld under exemption 5.

## V

■ Finally, one document does not fall within any of the previously mentioned exemptions. This is document 4 from the Bobzien affidavit, a brief and personal memorandum from OPR to the FBI. Nondisclosure of this memorandum is clearly warranted by FOIA exemption 2, which protects the "internal personnel rules and practices of any agency." 5 U.S.C. § 552(b)(2). This exemption is intended to "relieve agencies of the burden of assembling and maintaining for public inspection matters in which the public could not reasonably be expected to have an interest." *Founding Church of Scientology v. Smith,* 721 F.2d 828, 830 n. 4 (D.C.Cir. 1983). The exemption applies to "trivial administrative details," a label that certainly applies to this memorandum.

Consequently, this document will be withheld under exemption 2.

## VI

In conclusion, every document sought by plaintiffs fall squarely within at least one FOIA exemption, and these documents therefore will not be disclosed. An appropriate Order accompanies this Memorandum.

## ORDER

Upon consideration of the cross-motions for summary judgment, the memoranda in support thereof and in opposition thereto, the accompanying affidavits and documents inspected by the Court *in camera,*

---

**3.** Plaintiffs do not appear to assert that documents 14 and 15 were not prepared in anticipation of litigation. Instead, they stress that the documents should be disclosed because they are likely to contain factual material. But as the Supreme Court has recently made clear, exemp-

tion 5 extends to factual statements, as long as those statements would not routinely be disclosed as work product in civil litigation. *See United States v. Weber Aircraft Corp.,* 465 U.S. 792, 800 & n. 17, 104 S.Ct. 1488, 1493 & n. 17, 79 L.Ed.2d 814 (1984).

and for the reasons stated in the Memorandum being issued contemporaneously herewith, it is this 9th day of March, 1987

ORDERED that plaintiffs' motion for summary judgment be and it is hereby denied; and it is further

ORDERED that defendants' motion for summary judgment be and it is hereby granted; and it is further

ORDERED that defendant need not disclose any of the documents at issue to plaintiffs; and it is further

ORDERED that this case be and it is hereby dismissed.