Michael D. RAY, Plaintiff,

v.

UNITED STATES DEPT. OF JUSTICE, IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

No. 89–1556–CIV.

United States District Court,
S.D. Florida.

Nov. 21, 1991.

Michael D. Ray, Neil Kolner, Miami, Fla., for plaintiff.

Dexter Lee, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

MORENO, District Judge.

THIS CAUSE came before the Court upon defendant's Motion for Summary Judgment. The matter was referred to the Honorable Ted E. Bandstra, United States Magistrate Judge, who held a hearing on this motion in February 1991. A Report and Recommendation dated April 30, 1991 has been filed, recommending that defendant's Motion for Summary Judgment be granted. On June 17, 1991, plaintiff filed his Written Objections Pursuant to 28 U.S.C. § 636 to the Report and Recommendation of the Magistrate.

The government filed its Response to Plaintiff's Objections to the Report and Recommendation on July 17, 1991. This Court heard oral argument on the issues presented by defendant's motion on November 15, 1991. The Court, having reviewed the record and being otherwise fully advised in the premises, affirms Magistrate Judge Bandstra's Report and Recommendation in its entirety for the reasons that follow.

### Standard for Summary Judgment

Summary judgment is authorized only when:

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In applying this standard, the *Adickes* Court explained that when assessing whether the movant has met this burden, the courts should view the evidence and all factual

inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### Background

This Freedom of Information Act (FOIA or the Act) action was filed in July 1989. Pursuant to 5 U.S.C. § 552, plaintiff, an immigration attorney, seeks agency records concerning the results of any Department of Immigration and Naturalization Service investigation of INS Examiner Joe Grillo. In his complaint, plaintiff asserts that he previously filed a complaint against Officer Grillo in connection with the alleged deportation of plaintiff's former client, Mildred Anderson, and Grillo's alleged misconduct resulting in that deportation. In the instant action, plaintiff Ray alleges that FOIA entitles him to INS records concerning any INS investigation of Officer Grillo and that the INS has failed to fully respond to his request, as required by law.

Defendant INS admitted possession of certain documents relating to plaintiff's complaint against Grillo but denied any non-compliance with FOIA requirements. As grounds for its conduct, defendant asserts as an affirmative defense, certain exceptions from disclosure under FOIA which justify any non-production of certain documents in this case.

### Discussion

This Court must make a two-fold determination: does FOIA entitle plaintiff (1) to know whether an investigation was conducted regarding Officer Grillo, and (2) to have access to the results of any investigation that occurred. Defendant INS contends that this Court need only reach the first issue in granting summary judgment in its favor. The INS relies on two provisions in the Act in support of its position that the documents sought by plaintiff, even if in existence [1], are exempt from disclosure under FOIA because disclosure "would constitute a clearly unwarranted invasion of personal privacy" under 5 U.S.C. § 552(b)(6), and because the documents requested were "records or information compiled for law enforcement purposes" under 5 U.S.C. § 552(b)(7)(C).

Plaintiff opposes summary judgment claiming inadequate discovery [2], defendant's failure to advise plaintiff of the results of its investigation pursuant to the present (or former) policy of the INS, and defendant's failure to provide proof that Officer Grillo's privacy interests outweigh the public interest in this case [3].

■ FOIA is primarily an access and disclosure statute providing for wide-ranging access to government documents presumably subject to disclosure absent a clear showing to the contrary. *Ely v. FBI*, 781

---

**1.** The INS will neither confirm nor deny the existence of such records as it asserts that the mere confirmation of whether an investigation file exists constitutes an unwarranted invasion into Officer Grillo's personal privacy.

**2.** Defendant counters that plaintiff's discovery requests exceed the limits of permissible discovery in a FOIA action, which is generally limited to issues concerning the adequacy of a government agency's search for documents and index of withheld documents. Magistrate Judge Bandstra granted a protective order finding that

plaintiff's discovery requests did, in fact, exceed the permissible scope of discovery in this case.

**3.** Plaintiff Ray argues that the government bears the burden of proving that the requested documents are covered by any statutory exemptions which, in this circuit, requires a factual finding by the Court based on an agency affidavit or an *in camera* review of the documents in question by the Court. Any and all requested documents which may be in existence, were reviewed *in camera* by both Magistrate Judge Bandstra, and this Court.

F.2d 1487, 1489 (11th Cir.1986) (quoting The 1984 U.S.Code Cong. and Ad. News at 3789). The burden is solely on the government to prove that the information requested is covered by these exemptions. *See Ely v. FBI, supra,* 781 F.2d at 1489–90.

FOIA mandates that the court consider and resolve competing claims of privilege and access. In its review, the court must determine the matter de novo, and examine the contents of any agency records in camera. 5 U.S.C. § 552(a)(4)(B). The court, rather than the agency, is the ultimate arbiter of privilege.

Congress has also directed that due deference be given to the competing private value of privacy, that is, the right of the individual citizen to limit access to information about him that the government has gathered. While disclosure is presumed, access to certain personnel files must be denied if disclosure would constitute a clearly unwarranted invasion of personal privacy.

Exemption (b)(7)(C), relied on by the government, requires only that the disclosure *could,* not would reasonably be expected to constitute an unwarranted invasion of personal privacy. This lesser burden results from a recognition that law enforcement records are inherently more invasive of privacy than personnel, medical and other similar files. *Congressional News Syndicate v. United States Dept. of Justice,* 438 F.Supp. 538, 541 (D.D.C.1977).

█ Plaintiff Ray does not dispute the defendant's contention that Officer Grillo has a privacy interest in this matter but rather, asserts that Grillo's personal interest is outweighed by the public interest.[4]

This Court is not persuaded. Revealing information concerning an official investigation of this government employee may threaten his reputation and good standing in the community. *Miller v. Bell,* 661 F.2d 623 (7th Cir.1981). Defendant INS details the harm that could reasonably be expected to result from an affirmation that an investigation did exist as follows:

> ... The inference drawn from the fact that an individual was involved in some manner with an OIG investigation is that the investigation interest shown in him by the OIG was predicated on the belief that the individual was engaged in, or witness to, some type of conduct which was in violation of a criminal or civil statute or of a Departmental regulation. Such an inference subjects the individual to public speculation or ridicule, which in turn can cause embarrassment, harassment, and potential physical harm. Even if disclosure of an actual file were to demonstrate that the OIG's interest in the individual was not connected with a violation of law or regulation, the adverse inferences will have been the subject of public speculation. Such speculation is not easily overcome by the release of additional facts.

Westbrook Declaration (attached to defendant's Motion for Summary Judgment), paragraph 12. The defendant maintains that this affidavit provides sufficient evidence of the possible harm to Grillo's reputation or standing in the community. *Halloran v. Veterans Administration,* 874

---

**4.** Plaintiff sets forth the following public interests which, he asserts, outweigh the individual's personal privacy expectations: (1) Public interest in full and serious airing of serious government abuses; *Common Cause v. National Archives & Records Service,* 628 F.2d 179, 183 (D.C.Cir.1980); (2) Public interest in rooting out wrongdoing by federal employees and in determining how well public officials are performing their official duties; *Heller v. U.S. Marshals Service,* 655 F.Supp. 1088, 1090 (D.D.C.1987); (3) Public interest in knowing whether a government investigation is comprehensive, that a report thereof is accurate, that disciplinary measures are adequate and that those who are accountable are dealt with in an appropriate man-

ner; *Stern v. F.B.I.,* 737 F.2d 84, 92 (D.C.Cir. 1984) and *Miller v. Bell,* 661 F.2d 623, 631 (7th Cir.1981); (4) Public interest in monitoring conduct and actual performance of public officials. *Johnson v. United States Dept. of Justice,* 739 F.2d 1514, 1519 (10th Cir.1984); (5) The public's desire to know about the conduct of government officials, public confidence in the Justice Department and specifically, whether the Department properly exercised its prosecutorial discretion; *Bast v. U.S. Dept. of Justice,* 665 F.2d 1251, 1255 (D.C.Cir.1981); and (6) General public interest in governmental affairs. *Halloran v. Veterans Administration,* 874 F.2d 315 (5th Cir. 1989).

F.2d 315 (5th Cir.1989). Both Magistrate Judge Bandstra and this Court agree.

The very retention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. *Baez v. U.S. Dept. of Justice,* 647 F.2d 1328, 1338 (D.C.Cir.1980); *Branch v. F.B.I.,* 658 F.Supp. 204, 209 (D.D.C.1987). Grillo's status as a federal employee does not diminish his privacy interest. *See Lesar v. United States Dept. of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980). Appellate courts have found that exemption (b)(7)(C) recognizes the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity. *See, e.g., Dunkelberger v. Department of Justice,* 906 F.2d 779 (D.C.Cir.1990), *citing Stern v. FBI,* 737 F.2d at 91–92.

In *Dunkelberger,* the public interest identified by the court was the public's understandable concern over information about an FBI agent's alleged participation in a scheme to entrap a public official and the manner in which the agent was disciplined. The Court examined the documents and concluded that the documents revealed nothing that would support plaintiff's argument for concluding that disclosure would be in the public interest.

Here, plaintiff asserts similar public interests: that there is a public interest in uncovering wrongdoing by government employees and monitoring the conduct of public officials. Similarly, this Court's examination of the INS documents has led to the conclusion that there is no evidence here that would support plaintiff's allegations that disclosure is in the public interest.

After reviewing the contents of the certain INS records presented, both the Magistrate Judge and this Court have concluded that the government has sustained its burden of demonstrating a factual basis to sustain the privacy privileges claimed in the FOIA request. *See Stephenson v. IRS,* 629 F.2d 1140, 1145 (5th Cir.1980). This Court finds that both exceptions claimed by the government are applicable as disclosure of any requested documents would consti-

tute a clearly unwarranted invasion of personal privacy and the records constitute investigatory records compiled for law enforcement purposes. 5 U.S.C. § 552(b)(6) and (b)(7)(C).

Wherefore, it is ADJUDGED that United States Magistrate Judge Bandstra's Report and Recommendation of April 30, 1991 is RATIFIED, AFFIRMED and APPROVED in its entirety, and based thereon, plaintiff's Objections thereto are OVERRULED and DENIED. Defendant's Motion for Summary Judgment is GRANTED.

DONE AND ORDERED.