**Harold R. FINE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, OFFICE OF INSPECTOR GENERAL, Defendant.**

Nos. Civ–88–1033–JB, Civ–89–0031–JP.

United States District Court,
D. New Mexico.

March 29, 1993.

894

Duff Westbrook, Albuquerque, NM, for plaintiff.

Jan Elizabeth Mitchell, Asst. U.S. Atty., Albuquerque, NM, for defendant.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court for an *in camera* inspection of documents ordered by the Court in Memorandum Opinion and Orders of May 3, 1991 and June 25, 1991.

Plaintiff Harold R. Fine, while Assistant Manager for the Western Region of United States Department of Energy, Office of Inspector General ("DOE/OIG"), claimed that a contract procurement process was manipulated in favor of the accounting firm of Peat, Marwick and Main. Mr. Fine discussed this concern with others and was orally admonished for doing so. Later, however, the admonishment was rescinded.

Subsequently, Mr. Fine requested, pursuant to the Freedom of Information Act ("FOIA") 5 U.S.C. § 552 (1977), any information that the DOE/OIG had regarding the contract procurement process, the investigation of Plaintiff and documents regarding various personnel actions involving Plaintiff.

In this action, Plaintiff appeals Defendant DOE/OIG's decision to withhold, in whole or in part, the documents sought. In its Memorandum Opinion and Order of May 3, 1991, the Court ordered Defendant submit for *in camera* inspection Documents 3, 7, 8, 9, 11, 12, 13, 15, 16, 17, 20, 22, 28, 31, 34, 39, 41 and 43. The Court ordered documents 1, 5, 6, 8, 10, 13, 14, 15, 20, 22, 25, 27, 28, 29, 30, 31, 32, 34, 35, 36, 39, 40, 41, 44, 45, 53A, 59, 60, 61, 63, 66, 67, 68, 71, 91, 95, 97, 114, 121, 127, 129, 131, 135 and 144 submitted for *in camera* inspection on June 25, 1991.

## I. STANDARD OF REVIEW

■ This Court reviews *de novo* any administrative claim of exemption. 5 U.S.C. § 552(a)(4)(B); *Johnson v. U.S. Dep't of Justice*, 739 F.2d 1514, 1516 (10th Cir.1984). Defendant bears the burden of proof that a claimed exemption applies. 5 U.S.C. § 552(a)(4)(B). Finally, disclosure, not secrecy, is the dominant objective of the FOIA. *Department of Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976).

## II. EXEMPTION 6

### A. *Background*

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (1977).

■ A challenge to an agency's withholding of documents based on Exemption 6 requires the Court employ a three prong test: (1) is the information sought to be found in personnel, medical, or similar files; (2) would disclosure of the information constitute an invasion of personal privacy; and (3) does the severity of the invasion of personal privacy outweigh the public interest in disclosure? *DePlanche v. Califano*, 549 F.Supp. 685, 689 (W.D.Mich.1982).

■ The language "clearly unwarranted" requires balancing a cognizable individual privacy interest against the public benefit in disclosure. *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). The basic concern of the FOIA is making available information that an informed electorate needs to properly monitor the activities of the federal government. *Ditlow v. Schultz*, 517 F.2d 166, 172 (D.C.Cir. 1975). If the personal privacy interest and public benefit from disclosure balance with equal weight, the documents should be disclosed because of the FOIA's presumptions favoring public disclosure. *Board of Trade v. Commodity Futures Trading Comm'n*, 627 F.2d 392 (D.C.Cir.1980).

■ In considering the public benefit side of the balance, the focus is on *general public* need for the information, not the needs of the individual requester. *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Information about private citizens that reveals "little or nothing about an agency's own conduct" does not further the purpose of the FOIA. *Id.* at 773, 109 S.Ct. at 1481. "Official information that sheds light on an agency's performance of its statutory duties falls squarely" within the FOIA's purpose. *Id.*

■ In considering whether an invasion of personal privacy will result, the adverse effects of disclosure on the job or personal status of the individual must be determined. *L & C Marine Transp. Ltd. v. United States*, 740 F.2d 919 (11th Cir.1984). Personal facts, the public disclosure of which could subject the person to whom they pertain to "embarrassment, harassment, disgrace, loss of employment or friends" is needed for Exemption 6. *Brown v. F.B.I.*, 658 F.2d 71, 75 (2d Cir.1981).

■ Courts are required to segregate exempt portions of documents from those portions which are not exempt. 5 U.S.C. § 552(b). "Redaction cannot eliminate all risks of identifiability, as any human approximation risks some degree of imperfection, and the consequences of exposure or identity can admittedly be severe." *Department of Air Force v. Rose*, 425 U.S. 352, 381, 96 S.Ct. 1592, 1608, 48 L.Ed.2d 11 (1976).

### B. *Defendant's Use of Exemption 6*

Defendant consistently justifies invoking Exemption 6 by claiming that disclosure of the document in question would subject the author and/or persons mentioned in the document to possible harassment or intimidation by plaintiff. Further, in all the documents, defendant found that the privacy interests of the author and/or persons mentioned outweigh the "minimal, if any public interest" in release.

■ Where a person's fear of reprisals from the subject of a communication is "reasonable" based on either demonstrated fact or inferences supported by reasonable claims, privacy interests support the application of Exemption 6. *Holy Spirit Ass'n For*

the *Unification of World Christianity v. F.B.I.*, 683 F.2d 562, 565 (D.C.Cir.1982). In *Holy Spirit Association*, plaintiff sought release of letters describing "bizarre and possibly illegal activities" in which the writers suspected plaintiff of being engaged. *Id.* at 565. These activities supported the writers's fears of reprisal and justified withholding the letters under Exemption 6. *Id. See also Church of Scientology v. U.S. Dep't of State*, 493 F.Supp. 418 (D.D.C.1980) (plaintiff's practice of harassing its "suppressors" justified invoking Exemption 6).

■ Defendant has offered neither facts nor supported inferences tending to show plaintiff might be inclined to harass or intimidate persons. Plaintiff is no longer employed by the defendant so he is not in a position on-the-job to harass or intimidate employees of DOE/OIG and/or its contractors. The Court, therefore, does not find justifiable defendant's repeated invoking of Exemption 6 to prevent harassment or intimidation by plaintiff.

■ Further, the Court finds in general that the public interest in release is more than "minimal" as claimed by defendant. The documents sought shed light on defendant's performance of its contract procurement duties, thus furthering public oversight of agency activities.

■ Exemption 6 is unique among all the exemptions to the FOIA in containing the "clearly unwarranted" standard. This qualification was a "considered and significant determination" by Congress. *Rose*, 425 U.S. at 378, n. 16, 96 S.Ct. at 1608, n. 16. Thus, Exemption 6 is a narrow one for the agency. It is not enough for an agency to allege that some minimal invasion of privacy will occur. *Ditlow*, 517 F.2d at 170. "Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities." *Rose*, 425 U.S. at 380, n. 19, 96 S.Ct. at 1608, n. 19.

## C. Documents Withheld Pursuant to Exemption 6

### Documents Ordered For In Camera Review in June 25, 1991 Order

### Document 1

Defendant withheld in their entirety twenty pages of personal notes describing conver-

sations the author had with plaintiff and other individuals.

**Analysis:**

■ The Court rejects withholding this document in its entirety. First, the withheld material contains no personal details about any individual and release would not have a significant adverse effect on the job or personal status of an individual. Second, defendant's allegations of possible reprisal by plaintiff are unsupported and unpersuasive to the Court. However, protecting a person from possible harassment, is not the only purpose behind Exemption 6. Protecting individuals from a "wide range of embarrassing disclosures" is the aim of Exemption 6. *Rural Housing Alliance v. U.S.D.A.*, 498 F.2d 73, 77 (D.C.Cir.1974); *Campbell v. Civil Service Commission*, 539 F.2d 58 (10th Cir. 1976). It is possible that persons making certain statements to the author of this document would be embarrassed about their disclosure to plaintiff.

Accordingly, in balancing individual privacy interests against the general disclosure principle of the FOIA, the Court orders release of Document 1 subject to the deletions noted by the Court.

### Document 5

Defendant released a six-page diary of recollections of conversations with plaintiff deleting the names of the author and individuals mentioned as well as identifying information.

**Analysis:**

The Court finds that defendant has withheld factual information in addition to identifying material. Regarding defendant's stated purpose of protecting the author, it should be noted that plaintiff has existing knowledge of the author of Document 5. *See* Affidavit of Harold Fine in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, July 2, 1990 p. 18.

Therefore, the Court orders release of document 5 subject to the deletions noted by the Court.

### Document 6

This document is the handwritten version of document 5. The Court orders release of document 6 subject to the same deletions as document 5. Plaintiff has pre-existing knowledge of the author's identity so release of the handwriting will not provide plaintiff with the "missing link" in identification. *Arieff v. United States Dep't of Navy*, 712 F.2d 1462, 1467 (D.C.Cir.1983).

### Document 22

■ Defendant released a one-page memorandum concerning plaintiff's Informal Grievance of Annual Performance Appraisal deleting the initials of an individual who processed the document.

### Analysis:

An individual who "processes" a document does not have a reasonable expectation of privacy because the act is not one likely to cause embarrassment nor is it information of a personal nature. While the public interest in disclosure is minimal because the deleted material is not probative of defendant's performance, defendant has not met its initial burden of establishing that a substantial privacy interest is at stake. *Ditlow v. Schultz*, 517 F.2d 166 (D.C.Cir.1975).

Therefore, the Court orders the release of document 22 in its entirety.

### Document 25

■ Document 25 is a one-page index to the grievance examiner's Report of Findings and Recommendations, Proposed Suspension, Harold Fine. Defendant deleted the names of contractor employees and employees of defendant who provided affidavits or statements during the grievance investigation.

### Analysis:

Witnesses who cooperate with internal investigations concerning alleged employee violations do have privacy interests at stake. *Cf. L & C Marine Transp. Ltd. v. United States*, 740 F.2d 919, 922 (11th Cir.1984) (finding a privacy interest to exist for analogous Exemption 7(C)). To support disclosure, plaintiff claims as a public benefit determining whether defendant's investigation

was unbiased and thorough. This alleged benefit, however, is considerably diminished because the suspension of plaintiff never took place. As such, in balancing the two competing interests, this Court finds that privacy interests outweigh the public benefit in disclosure.

Therefore, the release of document 25 subject to the deletions made by defendant is proper.

### Documents 27, 28, 29, 34 & 36

■ These five documents are sworn statements prepared during the grievance examiner's investigation of plaintiff's grievance. Defendant withheld in its entirety to protect the identity of the author and named individuals. Defendant states the documents are in plaintiff's grievance file, to which he has access, but defendant cannot determine whether plaintiff has seen the statements. Plaintiff claims he has not seen any of them.

### Analysis:

Defendant asserts that even though plaintiff is entitled to see these documents because they are part of his grievance file, if he has not already seen them, the statements must be withheld to protect the identity of the author and named individuals. Defendant's position is illogical. This Court finds that release of Documents 27, 28, 29, 34 and 36 could not constitute an unwarranted invasion of personal privacy, if, under defendant's own practices and policies, plaintiff has access to them as a part of his grievance file.

Therefore, the Court orders Documents 27, 28, 29, 34 and 36 be released in their entirety.

### Document 30

■ Defendant released a one-page letter prepared as a result of the grievance examiner's investigation of plaintiff's grievance with deletions to protect the identity of the author.

### Analysis:

As a witness cooperating in an internal investigation concerning alleged employee violations, the author has a privacy interest at stake. *Cf. L & C Transp. Ltd. v. United*

*States,* 740 F.2d 919, 922 (11th Cir.1984) (finding a privacy interest to exist for analogous Exemption 7(C)). The privacy interest involved is significant. A witness recounting his experiences with, and opinion of, a person who is the subject of a government investigation could feel embarrassed about his or her identity being made public. However, this document is concerned with the scope of the government's investigation of plaintiff's grievance. The public has a significant interest in knowing that a government investigation is comprehensive and accurate. *Stern v. F.B.I.,* 737 F.2d 84, 92 (D.C.Cir.1984). In weighing the privacy interest in non-disclosure against the public interest in release, the Court finds that redaction of the author's name is proper, but defendant's deletions were excessive in withholding large parts of the body of the letter. Release of the author's name would not enable the public to learn anything about the workings of the government. *National Ass'n of Retired Federal Employees v. Horner,* 879 F.2d 873 (D.C.Cir.1989). Release, however, of the body of the letter would inform the public about how public employees are performing their jobs.

Therefore, the Court orders the release of document 30 subject to the deletions noted by the Court.

### Document 31

Defendant released a two-page letter concerning plaintiff's role in the audit process with deletions to protect the identity of the author and an individual named in the letter.

**Analysis:**

See *supra* analysis of Document 30. The Court finds that the identity of the author can be protected with fewer deletions than was proposed by defendant. The Court does not find the material deleted to be "identifying."

Therefore, the Court orders document 31 released subject to the deletions noted by the Court.

### Document 32

Defendant released a one-page letter regarding plaintiff's allegations about the procurement process with deletions to protect the identity of the author and an individual named in the letter.

**Analysis:**

See *supra* analysis of Document 30. The Court orders the release of Document 32 subject to the deletions as indicated by the Court.

### Document 35

Defendant released a one-page letter concerning proposed disciplinary action against plaintiff with deletions to protect the identity of the author and an individual named in the letter.

**Analysis:**

The Court finds the deletions made by defendant properly balance the privacy interests of those mentioned with the public's interest in having the information disclosed.

Therefore, the Court orders the release of Document 35 subject to the deletions made by defendant.

### Document 45

Defendant withheld in its entirety a one-page memorandum concerning a conversation between plaintiff and a DOE employee written by a third party DOE employee.

**Analysis:**

Defendant has not met its burden of showing why this document is exempt in its entirety. Part of document 45 factually recounts a conversation which took place in plaintiff's presence. No information of a private nature is contained therein, nor does the fact that this conversation was memorialized in a memorandum raise it to the level of a significant privacy interest. The identity of the author and recipient of this document, together with personal conversation between them regarding the encounter with plaintiff, is redacted because the opinions expressed evoke a privacy interest that outweighs the public benefit of disclosure.

Therefore, the Court orders document 45 released subject to the deletions noted by the Court.

### Document 53A

Defendant released a one-page transmittal letter deleting the initials of an OIG clerical

employee involved in the processing of the memorandum.

**Analysis:**

An individual who "processes" a document does not have a reasonable expectation of privacy because the act is not one likely to cause embarrassment nor is it information of a personal nature. While the public interest in disclosure is minimal because the deleted material is not probative of defendant's performance, defendant has not met its initial burden of establishing that a substantial privacy interest is at stake. *Ditlow v. Schultz,* 517 F.2d 166 (D.C.Cir.1975).

Therefore, the Court orders the release of document 53A in its entirety.

*Document 59*

Defendant released a one-page memorandum requesting the mailing of a package deleting the name of the mid-level employee who signed the memorandum.

**Analysis:**

See *supra* analysis for document 53A. The Court orders the release of document 59 in its entirety.

*Document 60*

This is the same document as number 59. The one change is that defendant deleted the initials of the person signing the memorandum in addition to the full signature.

**Analysis:**

See *supra* analysis for document 53A. The Court orders the full release of document 60.

*Document 61*

Defendant released a one-page transmittal letter to the Office of Special Counsel regarding the Special Counsel's investigative interview of a DOE/OIG employee, deleting the names of the employee interviewed and the sender of the transmittal letter. The only reference to the content of the interview is to clarify the number of pages in a particular document.

**Analysis:**

 The deleted names are those of a DOE investigator and a person interviewed by the Special Counsel. Numerous FOIA cases have considered the propriety of with-

holding the names of F.B.I. investigators pursuant to Exemption 7(C). Under 7(C), an "unwarranted" invasion of personal privacy permits withholding a document; whereas, under Exemption 6, the invasion must be "clearly unwarranted" to justify withholding the document. The qualification of "clearly unwarranted" was a "considered and significant" determination by Congress. *Department of Air Force v. Rose,* 425 U.S. 352, 378 n. 16, 96 S.Ct. 1592, 1608 n. 16, 48 L.Ed.2d 11 (1976). Thus, to be exempt from FOIA under Exemption 6, the government has a higher standard to meet than under 7(C). Under 7(C), a court rejected the proposition that governmental employees, such as F.B.I. agents, have any valid expectation that the fact of their employment is private. *Ferguson v. Kelley,* 448 F.Supp. 919, 923 (N.D.Ill. 1977). Other courts have found that public officials are not "stripped of every vestige of personal privacy." *Nix. v. United States,* 572 F.2d 998, 1005–1006 (4th Cir.1978). Particularly where harassment of investigators is possible, the privacy interest of the agent weighs more heavily than the public interest in disclosure. *Dunaway v. Webster,* 519 F.Supp. 1059 (N.D.Cal.1981).

Defendant has not suggested any credible reason why the person who signed document 61 would be subjected to harassment by plaintiff. It is not clear whether this person was a principal investigator, or merely transmitted information to the Office of Special Counsel. Nor would this individual be subject to any embarrassment over his role in the investigation of plaintiff.

Regarding the name of the employee interviewed, as a witness cooperating in an internal investigation of alleged employee violations, the name can be withheld. *L & C Marine Transport Ltd. v. United States,* 740 F.2d 919, 922 (11th Cir.1984).

Therefore, the Court orders document 61 released subject to the deletions noted by the Court.

*Document 66*

Defendant withheld in its entirety a one-page memorandum recounting a conversation between plaintiff and the memo's writer, a DOE/OIG employee.

## Analysis:

The writer has a privacy interest in the document as a person who cooperated in the investigation of plaintiff. The Court finds, however, that nonexempt material is segregable. 5 U.S.C. § 552(b) (1977). Plaintiff has an interest in the disclosure of material collected in the government's investigation of him and the public has an interest in disclosure because honest and efficient government is at the core of the FOIA. *Providence Journal Co. v. F.B.I.*, 460 F.Supp. 778, 787 (R.I.1978).

Therefore, the Court orders release of document 66 subject to the deletions noted by the Court.

### Document 68

Defendant withheld in its entirety a two-page memorandum concerning a telephone conversation between plaintiff and a DOE employee.

## Analysis:

A cooperating witness has a privacy interest in withholding his identity. The Court finds, however, that there is factual material segregable from exempt identifying information.

Therefore, the Court orders the release of document 68 subject to the deletions indicated by the Court.

### Document 71

■ Defendant released a one-page transmittal message forwarding documents concerning plaintiff deleting the names and initials of DOE/OIG employees involved in processing the transmittal.

## Analysis:

Release of the material deleted would not be an invasion of personal privacy. Nothing of a personal nature about the persons whose name and initials were deleted is included in this document. The appearance of a person's name and initials on document 71 only indicates he or she carried out work responsibilities at the direction of DOE supervisors. Invoking Exemption 6 requires "threats to privacy interests more palpable than mere possibilities." *Department of Air Force v.*

*Rose,* 425 U.S. 352, 380 n. 19, 96 S.Ct. 1592, 1608 n. 19, 48 L.Ed.2d 11 (1976).

Therefore, the Court orders document 71 released in its entirety.

### Document 95

Defendant released a two-page index listing documents concerning plaintiff deleting the names of several DOE employees.

## Analysis:

■ Three of the names deleted were persons interviewed by the Office of Special Counsel. Being identified as a person interviewed in a investigation of this nature is not likely to subject these individuals to embarrassment, harassment, disgrace, loss of employment or friends. Unlike the witness statements examined by this Court, document 95 is only a list; nothing of substance about the interview is contained therein. No substantial privacy interest is at stake in releasing the names on this interview list.

Three other names deleted are those of individuals who sent various memoranda. The court finds that the release of these names would not subject these persons to embarrassment, harassment, disgrace, loss of employment or friends.

Therefore, the Court orders release of document 95 in its entirety.

### Document 97

Defendant released a one-page memorandum transmitting plaintiff's FOIA request deleting the names of the author of the memo and a DOE employee.

## Analysis:

The Court finds that neither the author of this transmittal memorandum nor the DOE employee mentioned in a subscript will suffer any invasion of privacy due to release of their names. There is nothing even remotely of an intimate or embarrassing nature contained in document 97. While the public interest in release is minimal, the defendant has failed to meet its initial burden of establishing that a significant privacy interest is at stake.

Therefore, the Court orders release of document 97 in its entirety.

### Document 114

■ Defendant released a handwritten transmittal note consisting of one sentence deleting the names of the sender, recipient and another OIG employee mentioned in the note.

### Analysis:

Document 114 does not contain the type of information intended to be fall under exemption 6. "The exemption was intended to cover detailed Government records on an individual which can be identified as applying to that individual." *Department of State v. Washington Post Co.*, 456 U.S. 595, 602, 102 S.Ct. 1957, 1961, 72 L.Ed.2d 358 (1982) (quoting H.R.Rep. No. 1497, 89th Cong., 2nd Sess., 11 (1966). Document 114 is not a "detailed Government record" of any of the individuals named in its one sentence. The Court finds that no privacy right is implicated in release of this document.

Therefore, the court orders release of document 114 in its entirety.

### Document 121

■ Defendant withheld in its entirety a one-page handwritten note describing a conversation with plaintiff. The author is not identified, but since the note is handwritten, plaintiff might be able to identify the author.

### Analysis:

Document 121 does not contain any information of a personal nature about the author. Defendant has not met the threshold requirement of showing a significant privacy interest is implicated. Under Exemption 6, if no significant privacy interest is implicated, the FOIA demands disclosure. *National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873 (D.C.Cir.1989).

Therefore, the Court orders release of document 121 in its entirety.

### Document 127

Defendant withheld in its entirety one page of notes pertaining to a conversation between plaintiff and the author.

### Analysis:

The majority of this document consists of statements made by plaintiff to the author.

Since plaintiff made the statements, there are no personal facts about any individuals not known by plaintiff. Statements made by the author to plaintiff likewise are not of a highly personal nature about the author or any other person. The fact that the author made these notes does not alone make release a "clearly unwarranted" invasion of the author's privacy. Because the defendant has failed to meet the threshold test of establishing a significant privacy interest is implicated, Exemption 6 is inapplicable and FOIA demands release. The defendant's sole justification that release could subject individuals to harassment or intimidation by plaintiff is unsupported.

Therefore, the Court orders release of document 127 in its entirety.

### Document 135

Defendant withheld in its entirety a one-page memorandum to the file of a conversation concerning plaintiff's allegations of procurement manipulation.

### Analysis:

Defendant has failed to meet the threshold test of establishing a significant privacy interest is implicated. Defendant's sole justification that release could subject individuals to harassment or intimidation by plaintiff is unsupported. Further, this document has a public interest benefit because it concerns a conversation about the defendant's procurement practices and decisions regarding small business set-asides.

Therefore, the Court orders release of document 135 in its entirety.

### Documents Ordered For In Camera Review in May 3, 1991 Order Document 39

■ Defendant released a four-page OIG Memorandum for Record deleting the names of OIG and DOE contractor employees.

### Analysis:

The government states that there is a strong public interest in protecting the privacy of individuals who have cooperated with internal investigations of possible improper conduct by fellow employees. *Heller v. U.S. Marshals Service*, 655 F.Supp. 1088 (D.D.C.

1987). In *Heller*, the court upheld use of Exemption 6 to withhold letters discussing whether the defendant retaliated against a marshal who cooperated in a Department of Justice investigation and correspondence between a marshal's attorney and the Department of Justice expressing personal viewpoints on the investigation. *Id.* at 1091–92.

*Heller* is not persuasive authority justifying withholding material from this document. In *Heller*, plaintiffs sought release of information unknown to them. In the case at bar, document 39 consists entirely of information provided OIG *by plaintiff*. In addition, the public interest in disclosure is stronger than in *Heller* as document 39 is directly related to plaintiff's allegation of procurement manipulation at DOE/OIG whereas in *Heller*, certain documents sought had only a "tangential relationship" to the subject at issue in plaintiff's FOIA request. *Id.* at 1091. The Court concurs with defendant in withholding the name of an investigating agent on page one.

Therefore, subject to the one exception for the investigating agent's name, the Court orders document 39 released in its entirety.

### Document 41

Defendant released a one-page memorandum of a telephone conversation between the Director of the Quality Assurance Staff (OIG) and plaintiff deleting the names of the OIG employees and contractor employees named by plaintiff.

**Analysis:**

See *supra* discussion of document 39. As in document 39, plaintiff himself provided the information contained in document 41. Nothing of a highly personal or embarrassing nature is contained in this document. The mere fact that the author of the memorandum made notes about his conversation with plaintiff does not make release a "clearly unwarranted" invasion of personal privacy.

Therefore, the Court orders release of document 41 in its entirety.

### Document 43

■ Defendant released a one-page intra-agency memorandum of a conversation between the Director of the Quality Assur-

ance Staff, and the Manager of DOE/OIG's Western Region regarding statements made by plaintiff to the author. The names of OIG employees mentioned by plaintiff are deleted.

**Analysis:**

See discussion *supra* of document 39. As in document 39, plaintiff himself provided the information contained in document 43. Nothing of a highly personal or embarrassing nature is contained in this document. The mere fact that the author of the memorandum made notes about his conversation with plaintiff does not make release a "clearly unwarranted" invasion of personal privacy.

Therefore, the Court orders release of document 43 in its entirety.

## III. EXEMPTION 5

### A. *Background*

■ Exemption 5 affords protection to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Its purpose is to protect "frank discussion of legal or policy matters" and to avoid confusing the public as to what the final policy of an agency is. *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973). As such, those documents reflecting the deliberative opinions and recommendations of the agency need not be disclosed. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975). Draft documents are usually exempt as part of the agency's internal give and take dialogue about an issue. *Pies v. United States*, 668 F.2d 1350 (D.C.Cir.1981).

■ Exemption 5, however, does not apply to purely factual information nor to material that represents or explains the "final disposition" of the agency since these are not pre-decisional or deliberative. *NLRB v. Sears*, 421 U.S. at 151–52, 95 S.Ct. at 1517. As such the agency must disclose information that is segregable from exempt material. 5 U.S.C. § 552(b) (1977).

■ Because Exemption 5 is tied to civil evidentiary privileges, the attorney-client and attorney work product privileges are invoked under this exemption. Under the work product privilege, the agency must show that an attorney prepared the document in anticipation of a claim or litigation. *Delaney, Migdail & Young v. IRS*, 826 F.2d 124, 127 (D.C.Cir.1987).

### B. Documents Withheld Pursuant to Exemption 5

#### Document 131

Defendant withheld in its entirety one page of typed notes prepared by the Counsel to the Office of Inspector General. Defendant claims the document was prepared in anticipation of litigation involving plaintiff.

**Analysis:**

■ A threshold determination is whether this document was in fact prepared in anticipation of litigation. Defendant has the burden of proving that "at the very least some articulable claim, likely to lead to litigation, [has] arisen." *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 865 (D.C.Cir.1980). Document 131 is not dated; however, it references allegations made by plaintiff concerning the actions of DOE/OIG personnel. The existence of an active investigation is strong circumstantial evidence that an agency lawyer prepared the document with future litigation in mind. *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197 (D.C.Cir.1991). Defendant could reasonably believe that litigation by plaintiff was possible. While litigation may not have been imminent, the Court finds that the primary motivating purpose behind the creation of this document was to aid in possible future litigation. *Binks Manufacturing Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1119 (7th Cir.1983) (citing *Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C.1982).

■ Further, the Court finds Document 131 contains both facts and the attorney's impressions and the facts are not segregable from the exempt material. Accordingly, Document 131 is exempted in its entirety pursuant to Exemption 5.

#### Document 13

Defendant withheld in its entirety a one-page memorandum to staff of DOE/OIG which defendant claims is a predecisional document never finalized.

**Analysis:**

■ Drafts of documents that were never made final are internal, and are exempt. *Exxon Corp. v. DOE*, 585 F.Supp. 690 (D.D.C.1983). Disclosure of this predecisional document could have a "chilling effect" on dialogue within the agency. Accordingly, Document 13 is exempted in its entirety pursuant to Exemption 5.

### C. Documents Withheld Pursuant to Exemptions 5 & 6

#### Document 8

Defendant withheld in its entirety a three-page draft memorandum analyzing the allegations made by plaintiff. Defendant claims Exemption 5 because the document is a predecisional draft memorandum that was never finalized. Defendant invokes Exemption 6 to protect the identities of the OIG and contractor employees mentioned in the document.

**Analysis:**

■ To demonstrate that withheld material is protected by the deliberative process privilege, DOE must show that the document was "predecisional"—generated before the adoption of agency policy on the issue it discusses; and that the material was "deliberative"—reflective of the give-and-take of the consultative process. *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C.Cir. 1980). The exemption covers recommendations, draft documents, proposals and other "subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.*

■ Document 8 is not a recommendation or proposal. It is a response to allegations of wrongdoing made by plaintiff and as such contains the personal opinions of the writer. It was written by a subordinate to his supervisor. A document from a subordinate to a superior official is more likely to be predecisional than a document from a

supervisor to a subordinate. *Coastal States,* 617 F.2d at 868. Document 8 does not contain defendant's official view on plaintiff's allegations. The Court finds that disclosure would impede frank communication within the agency when allegations of wrongdoing arise. The Court notes that defendant did not identify a specific final decision with which Document 8 was connected, however, a "final decision" is not necessary for there to be a deliberative process protected by Exemption 5. *Vaughn v. Rosen,* 523 F.2d 1136 (D.C.Cir.1975).

While Exemption 5 was properly invoked, the Court finds that there is factual material which is reasonably segregable and may be disclosed without revealing defendant's deliberative process. *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). Specifically, the allegations made by plaintiff indicated by numbers 1 through 4 are factual as opposed to the "Discussion" section which follows expressing the writer's opinion about the allegation. The allegations are easily segregable because they consist merely of the sentence immediately following numbers 1 through 4. Regarding allegation number 4, the Court finds that the identities of the OIG and contractor employees are properly withheld from the sentence pursuant to Exemption 6.

Therefore, the Court orders release of document 8 subject to the deletions noted by the Court.

### Document 10

Defendant released a one-page transmittal memorandum related to the realignment of responsibilities of the Western Region Assistant Regional Managers deleting the name of a contractor employee. Defendant also withheld one line because it reflects the opinion of the author of the memorandum.

**Analysis:**

Defendant improperly invoked Exemption 5 to withhold the last line in item 2. Defendant stretches too far the definition of "opinion" in its assertion that the line reflects the opinion of the author. Defendant makes no showing as to how the deleted material is deliberative or predecisional. The Court

finds that the last line of item 2 should be released.

The Court also finds the withholding the contractor's name pursuant to Exemption 6 improper. As discussed *supra,* defendant's mere allegation of possible intimidation by plaintiff against the named individual is not sufficient to justify withholding the information. Release of this name is not a "clearly unwarranted" invasion of the individual's privacy. No privacy interest is implicated. Further, release would reveal information about governmental functions as document 10 concerns the job responsibilities of the Western Region Assistant Regional Manager of DOE/OIG.

Therefore, the Court orders document 10 released in its entirety.

### Document 14

Defendant released a three-page OIG Memorandum concerning charges by plaintiff about Peat, Marwick and Main deleting the identities of OIG and contractor employees and the opinions of the author.

**Analysis:**

■ The Court rejects defendant's use of Exemption 6. Significant privacy interests are implicated as this document discusses allegations by plaintiff that two employees of Peat, Marwick and Main improperly billed the government for work done. Disclosure would likely evoke embarrassment in a person of normal sensibilities. *Rural Housing Alliance v. U.S. Dept. of Agriculture,* 498 F.2d 73, 77 (D.C.Cir.1974). The Court finds, however, that the balance tips in favor of disclosure because of the public interest involved. Allegations that private contractors improperly billed the federal government is an issue of public concern. While the honesty of government employees is not raised, the public interest includes personnel information regarding persons paid by public funds. *See Aug v. National Railroad Passenger Corp.,* 425 F.Supp. 946 (D.D.C.1976) (disclosing salary and personnel decisions by Amtrak Board of Directors). Defendant has not met Exemption 6's rigorous standard of showing an invasion of privacy which is "clearly unwarranted."

The Court accepts defendant's use of Exemption 5. The material deleted shows the writer's thoughts regarding plaintiff's activities. These thoughts are candid and public disclosure would stifle honest and frank communication within the agency in the future. *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C.Cir.1980). Document 14 was part of the agency's deliberative process concerning its response to plaintiff's allegations and activities.

Therefore, the Court orders release of document 14 subject to the deletions noted by the Court.

### Document 15

Defendant withheld in its entirety a two-page memorandum of conversations between the author and plaintiff.

**Analysis:**

The Court rejects defendant's use of Exemption 6 to withhold the entire document. The deletion of one name is proper because statements made by this person might evoke embarrassment. The remainder, however, does not implicate significant privacy interests.

■ The Court also rejects defendant's use of Exemption 5 in the last paragraph. Labeling this paragraph as "opinion" does not alone bring it within the scope of the deliberative process exemption. *New England Apple Council, Inc. v. Donovan*, 560 F.Supp. 231, 234 (D.Mass.1983). Defendant has not met its burden of showing how this "opinion" relates to policy analysis.

Therefore, the Court orders document 15 released subject to the deletions noted by the Court.

### Document 20

Defendant withheld in its entirety a ten-page memorandum concerning plaintiff's activities in OIG's Western Region.

**Analysis:**

The Court finds that while Exemption 5 was properly invoked, certain factual material is segregable and can be disclosed without revealing OIG's decision making process. Release of this information might allow defendant to identify the author of document 20, but the Court does not find this to be a clearly unwarranted invasion of the author's privacy. All material expressing opinions of the author will remain exempt.

Therefore, the Court orders release of document 20 subject to the deletions noted by the Court.

### Document 41

Defendant released ten pages of chronological notes concerning plaintiff deleting material that would reveal the agency's deliberative process.

**Analysis:**

· The Court affirms in part and rejects in part defendant's use of Exemption 5. Specifically, the Court orders the notes of 10/6/87 released. These notes do not reflect the personal opinion of the writer, nor are these notes deliberative. Similarly, the Court orders released the notes of 11/5/87 which defendant withheld under Exemption 5.

Regarding the use of Exemption 6, the Court orders released all material except portions highlighted by the Court. Generally, the Court rejects defendant's withholding of information pursuant to Exemption 6 because it is not of a highly personal nature. In addition, some entries describe statements made by plaintiff himself and do not involve the personal privacy of another individual.

Therefore, the Court orders release of document 41 subject to deletions noted by the Court.

### Document 44

Defendant released a seven-page list of documents deleting the number of days of a proposed suspension of plaintiff and the names of employees.

**Analysis:**

■ Defendant's use of Exemption 5 is proper to withhold the number of days that were suggested for plaintiff's proposed suspension. This proposal was never adopted, hence, the material is pre-decisional and part of the agency's decisionmaking process.

■ Defendant's use of Exemption 6 to withhold the names of DOE, OIG and contractor employees is improper. Document 44 is simply a list of documents. No informa-

tion of a highly personal nature about any individual is contained.

Therefore, the Court orders release of document 44 with the only deletions being those two based on Exemption 5 on pages 2 and 3.

### Document 63

Defendant withheld in its entirety a two-page memorandum concerning conversations between the author and plaintiff.

**Analysis:**

The Court rejects the use of Exemption 6. The material is not of a highly personal nature likely to lead to embarrassment, disgrace or loss of employment. *Brown v. FBI*, 658 F.2d 71 (2nd Cir.1981). Defendant has failed to meet its burden of showing a significant privacy interest is at stake.

The Court accepts the use of Exemption 5. The author's opinions are contained therein, and form part of the agency's deliberative process regarding plaintiff's actions.

Therefore, the Court orders document 63 released subject to the deletions noted by the Court.

### Document 67

Defendant withheld in its entirety one page of handwritten notes regarding performance appraisals.

**Analysis:**

The Court accepts defendant's withholding portions of document 67 pursuant to Exemption 5. The opinions expressed by the author are candid and release would "chill" honest communication within the agency. The Court rejects the use of Exemption 6 to withhold the remainder. Significant personal privacy interests are not threatened by release.

Therefore, the Court orders document 67 released subject to the deletions noted by the Court.

### Document 91

Defendant released two pages of an auditor's handwritten notes deleting names and identifying material and the opinions of the author.

**Analysis:**

The Court rejects defendant's use of Exemption 5. While the author does express opinion, defendant has failed to show how the opinion is part of a deliberative process concerning agency policy. The Court finds that release would not stifle uninhibited discussion within the agency, nor would the public be misled or confused by publication of a preliminary concept. Further, the Court finds that defendant has failed to meet its burden of showing that a significant privacy interest is at stake to invoke Exemption 6. None of the material withheld is of a highly personal nature.

Therefore, the Court orders release of document 91 in its entirety.

### Document 129

Defendant withheld in its entirety twenty-five pages of handwritten notes prepared by the OIG Counsel as attorney work product.

**Analysis:**

 The threshold question is whether document 129 was prepared in anticipation of litigation. It is difficult to place the document in the chronology of events concerning plaintiff because only several of the 25 pages are dated by month and day; no year appears. However, the author refers to "evidence" and discusses potential "witnesses." Also, specific charges by plaintiff are identified. Thus, the withheld material is work-product because it does contain the thoughts of an attorney prepared in anticipation of litigation. *Kent Corp. v. NLRB*, 530 F.2d 612 (5th Cir.1976).

 Next, the Court must determine whether any "reasonably segregable portion" exists. 5 U.S.C. § 552(b). Purely factual material that is severable without compromising the private remainder of the document should be released. *EPA v. Mink*, 410 U.S. 73, 91, 93 S.Ct. 827, 838, 35 L.Ed.2d 119 (1973). FOIA places the burden of justifying nondisclosure on the agency. 5 U.S.C. § 552(a)(4)(B). Defendant did not address the segregability issue in its affidavit accompanying document 129. If, by withholding the entire document pursuant to Exemption 5, defendant intends to imply that it finds no factual material is reasonably segregable, the

Court finds no justification for the agency's conclusion in its affidavit. Defendant cannot meet its burden under the FOIA by a conclusory affidavit plus submitting disputed material for *in camera* inspection. *Mead Data Central Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 251 (D.C.Cir.1977).

Therefore, the Court orders defendant to re-examine document 129 and determine whether any factual material is reasonably segregable. Defendant is to submit to the Court a relatively detailed justification regarding segregability in support of its final decision.

### Document 144

Defendant withheld in its entirety a one-page memorandum documenting a conversation concerning plaintiff's complaint to the Merit Systems Protection Board.

**Analysis:**

The Court rejects the use of Exemption 6 to withhold the entire document. No information of a highly personal or embarrassing nature is contained therein nor is there any justification supporting the agency's fear that persons named could be subject to harassment or intimidation by plaintiff.

The Court accepts the use of Exemption 5 to withhold material contained in the second paragraph. The opinions expressed are part of defendant's deliberative process regarding plaintiff's complaint.

Therefore, the Court orders document 144 released subject to the deletions noted by the Court.

## IV. EXEMPTION 7(C)

### A. *Background*

■ Exemption 7(C) protects "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) (1977). This exemption, similar to Exemption 6, necessitates balancing the privacy interests of the person mentioned in the documents against the public's interest in disclosure. *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749,

109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). However, Exemption 7(C) requires an agency show only an "unwarranted invasion" of privacy, rather than a "clearly unwarranted invasion" under Exemption 6. This difference in wording was intentional, and makes 7(C) a "somewhat broader shield against disclosure than Exemption 6." *Congressional News Syndicate v. United States Dep't of Justice*, 438 F.Supp. 538, 541 (D.D.C.1977).

The Court notes that plaintiff does not appeal defendant's deletion of the names of OIG special investigative agents pursuant to Exemption 7(C). Affidavit of Harold R. Fine, June 18, 1989, paragraph 22.

### B. *Documents Withheld Pursuant to Exemptions 6 & 7(C)*

### Document 3

Defendant released document 3 in its entirety.

### Document 7

Defendant released a six-page Abstract of Investigation deleting the names of investigative sources and witnesses together with identifying information about the individuals.

**Analysis:**

■ The threshold issue is whether DOE/OIG may properly be classified as a "law enforcement agency." An agency with both administrative and law enforcement functions must demonstrate that its purpose in compiling the particular document fell within its sphere of enforcement authority. *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 748 (9th Cir.1979). A law enforcement purpose is present if the file was compiled for "adjudicative or enforcement purposes." *Rural Housing Alliance v. United States Dep't of Agriculture*, 498 F.2d 73, 80 (D.C.Cir.1974). In *Rural Housing Alliance*, the court distinguished between ongoing government oversight of employees and investigations focusing directly on alleged illegal acts which could, if proved, result in civil or criminal sanctions. *Rural Housing Alliance*, 498 F.2d at 81. Only the latter may be exempted under 7(C). In the case at bar, it is undisputed that DOE/OIG's investigation was not

part of routine oversight; rather, document 7 concerns an investigation of two specific allegations. Thus, the Court concludes that document 7 was an investigatory file compiled for law enforcement purposes. Therefore, Exemption 7(C) is applicable.

Plaintiff asserts that this document does not identify results of the investigation of him, but rather discusses evidence obtained in the investigation of the procurement process. The Court disagrees with this characterization. While it is true the abstract does not include conclusions or recommendations, it does discuss allegations that plaintiff made inappropriate comments about the procurement process.

■ The Court finds that 7(C) is appropriately invoked to withhold the names and identifying information of persons interviewed during the investigation. There is a strong public interest in protecting the privacy of persons who have cooperated with internal investigations of possible improper conduct by fellow employees. *Heller v. Marshals Service*, 655 F.Supp. 1088, 1091 (D.D.C. 1987). However, consistent with FOIA's purpose of releasing non-exempt material, the Court orders the release of additional material which is not identifying, including, but not limited to any statements attributed to plaintiff, which are to be released in their entirety.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 7 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders release of document 7 subject to the deletions noted by the Court.

## Document 8

Defendant released a one-page Memorandum of Interview of an OIG employee deleting the names and identifying information of OIG and contractor employees.

## Analysis:

Defendant properly invoked Exemption 7(C) to protect the names of the person interviewed and OIG and contractor employ-

ees named in the interview. However, the defendant also withheld factual material about events relevant to plaintiff's FOIA request. While the privacy rights of persons named are implicated, the Court does not find a serious invasion of privacy. *Cf. Alirez v. N.L.R.B.*, 676 F.2d 423 (10th Cir.1982) (NLRB interview notes revealing threats of physical violence and retaliation and explicit charges of sexual deviancy were exempt under 7(C)). The public interest in document 8 is more than "minimal," as claimed by defendant, because the public has an interest in knowing that the government investigation of alleged contract procurement improprieties is comprehensive. *Stern v. FBI*, 737 F.2d 84, 92 (D.C.Cir.1984).

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 8 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders release of document 8 subject to the deletions made by the Court.

## Document 9

■ Defendant released a one-page OIG Memorandum of Interview of a source deleting the names of the OIG agent, interviewee, and persons named in the interview.

## Analysis:

Defendant properly invoked Exemption 7(C) to withhold the name of the OIG special agent and the person interviewed. The Court finds that the remainder of the statement is factual and orders it released in its entirety. The Court finds no basis for defendant's assertion that releasing the name of an OIG employee mentioned by the interviewee would subject this person to harassment, intimidation or embarrassment. Further, the Court finds that the subject of document 9, the role of small business set asides in the contract procurement process is an issue of public concern as evidenced by the federal regulations quoted in the document. Document 9 is probative of defendant's behavior and performance of its statu-

tory duties. *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197, 1205 (D.C.Cir.1991).

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 9 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders document 9 released subject to the deletions noted by the Court.

### Document 11

█ Defendant released a six-page OIG Memorandum of Interview of plaintiff deleting the names of the OIG special agent and the names of OIG and contractor employees named by plaintiff.

### Analysis

The Court finds that document 11 should be released in its entirety, with the exception of the name of the OIG special agent which appears on page one. The initial inquiry under 7(C) must be whether there is a serious invasion of privacy. If there is not, the basic policy of FOIA mandates disclosure. *Alirez v. NLRB,* 676 F.2d 423, 427 (10th Cir.1982). The Court finds there is no unwarranted invasion of privacy because document 11 contains only allegations and statements by plaintiff himself. Ordinarily, the identity of the requesting party has no bearing on the merits of a FOIA request. *United States Dep't of Justice v. Reporters Committee For Freedom of the Press,* 489 U.S. 749, 771, 109 S.Ct. 1468, 1480, 103 L.Ed.2d 774 (1989). In some situations, however, it is proper to differentiate a request from the subject of a document versus a third party requester. *See United States Dep't of Justice v. Julian,* 486 U.S. 1, 14, 108 S.Ct. 1606, 1614, 100 L.Ed.2d 1 (1988) (Exemption 5 cannot be used to withhold a presentence report from the subject of the report, but is properly invoked against a third party requester). The Court finds in this instance it is proper to differentiate between plaintiff, the subject of document 11, and other persons. Plaintiff will not learn the identity of any witness, source or third person not provided by himself, so confidentiality of infor-

mation is not a legitimate concern. While the public interest in disclosure is low precisely because document 11 contains no information other than plaintiff's allegations, the defendant has not met its burden of showing an "unwarranted" invasion of personal privacy will be caused by disclosure. Therefore, the Court need not weigh the two interests at stake. *Alirez,* 676 F.2d at 427.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 11 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders document 11 released in its entirety, except that the name of the OIG special agent shall be deleted from the two places it appears on page one.

### Document 12

Defendant released a one-page OIG Memorandum of Interview deleting the names of the OIG special agent and interviewee, together with identifying information about the interviewee.

### Analysis:

The Court accepts the use of Exemption 7(C) to withhold the names of the OIG Special Agent and the interviewee. The Court orders the remainder of document 12 released because the public interest outweighs the privacy interest involved. The Court rejects defendant's assertion that release of additional factual information could harm individuals in their personal or professional lives. The public interest involved in monitoring DOE/OIG's contract procurement procedures, and specifically, the events surrounding plaintiff's removal from a panel evaluating proposals for contract bids outweighs any privacy interest.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 12 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders the release of document 12 subject to the deletions noted by the Court.

### Document 13

■ Defendant released a one-page sheet of handwritten notes deleting the names and initials of all persons

**Analysis:**

The Court rejects the use of Exemption 7(C) and orders this document released in its entirety. Defendant has not met its burden of showing that a serious invasion of privacy would be caused by disclosure of the names. No information of a personal nature is contained in this document. Document 13 is a list of names connected with the "Selection Board Review Panel" and nothing about appearing on this list would subject persons to embarrassment. Defendant's assertion that release could subject these individuals to speculation that they were involved in or were the object of an OIG investigation is without support given the content of this document. No allegations were directed at persons named on this list.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 13 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders document 13 released in its entirety.

### Document 15

Defendant released a three-page OIG Memorandum of Interview deleting the names of an OIG special agent, witnesses, investigative sources and OIG employees mentioned during the interview.

**Analysis:**

The Court accepts defendant's use of Exemption 7(C) to withhold the names of the special agent, interviewee and persons mentioned by the interviewee. Certain identifying information concerning the interviewee is also subject to deletion. The Court finds, however, that defendant also improperly withheld factual information concerning statements made by plaintiff about the procurement process. This information should not be withheld pursuant to 7(C). The Court finds defendant's reasoning regarding possible harassment, intimidation or embarrassment unsupported and unpersuasive.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 15 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court order document 15 released subject to the deletions noted by the Court.

### Document 16

Defendant released a three-page OIG Memorandum of Interview deleting the names of the OIG special agent, the interviewee, third parties, and identifying information about the interviewee.

**Analysis:**

The Court finds that Exemption 7(C) is proper to withhold the names of the special agent, person interviewed and others named in document 16, however, defendant has deleted an excessive amount of material as "identifying" information. The Court finds that this is factual information in which the public interest in OIG's investigation of plaintiff's allegations about the procurement process outweighs the privacy interests at stake. This document contains information about the actions of a member of Congress which is relevant to plaintiff's allegations about contract procurement. The Court finds unpersuasive defendant's concerns regarding harassment and intimidation by plaintiff.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 16 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders release of document 16 subject to the deletions noted by the Court.

### Document 17

Defendant released a three-page OIG Memorandum of Interview deleting the names of the OIG special agent, the interviewee and other OIG and contract employees mentioned.

**Analysis:**

The Court finds that excessive amounts of information is withheld pursuant to 7(C). The Court orders additional factual material, as indicated, released. The factual material ordered released deals with the agency's performance of its job.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 17 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders document 17 released subject to the deletions noted by the Court.

**Document 20**

Defendant released a three-page OIG Memorandum of Interview deleting the names of the OIG special agent, interviewee and DOE and contractor employees mentioned in the interview.

**Analysis:**

██ The Court accepts the use of Exemption 7(C) to withhold the names of the special agent, person interviewed and certain third parties named in the interview. However, not all third party names should be withheld. Where a "neutral" fact about an individual is offered that is not of a highly personal nature and would not subject the person to embarrassment, release is not an unwarranted invasion of privacy. Further, the Court finds that factual information is withheld by defendant under the heading of "identifying information." The Court finds that the public interest in knowing the factual information contained in document 20 justifies its release because this document concerns the behavior of DOE/OIG in the performance of its duties.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 20 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders release of document 20 subject to the deletions noted by the Court.

**Document 22**

Defendant released a three-page OIG Memorandum of Interview deleting the names of the OIG special agent, interviewee and DOE and contractor employees mentioned in the interview.

**Analysis:**

See *supra* analysis of document 20. The Court accepts the use of Exemption 7(C) to withhold the names of the special agent, person interviewed and certain third parties named in the interview, but defendant's deletions are excessive.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 22 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders release of document 22 subject to the deletions noted by the Court.

**Document 28**

Defendant released a two-page OIG Memorandum of Interview deleting the names of the OIG special agent, interviewee and DOE and OIG employees mentioned in the interview.

**Analysis:**

See *supra* analysis of document 20. The Court accepts the use of Exemption 7(C) to withhold the names of the special agent, person interviewed and certain third parties named in the interview, but defendant's deletions are excessive.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 28 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders release of document 28 subject to the deletions noted by the Court.

**Document 31**

Defendant released a one-page correspondence control from DOE's Office of the Exec-

utive Secretary deleting the name of a contractor employee.

**Analysis:**

The Court accepts the use of Exemption 7(C) to withhold the name in question. The name is not relevant to an inquiry into DOE/OIG's performance of its duties. *SafeCard Services, Inc. v. S.E.C.,* 926 F.2d 1197 (D.C.Cir.1991). All other factually relevant material has been released by defendant.

Therefore, the Court orders release of document 31 subject to the deletions noted by defendant.

*Document 34*

Defendant withheld in its entirety a two-page OIG intra-agency memorandum pursuant to Exemptions 5, 6, and 7(C).

Analysis:

■ The Court rejects the use of Exemption 5, invoked by defendant to withhold one paragraph on page 2. The Court finds that this paragraph is neither deliberative nor pre-decisional. An opinion is expressed, but not all opinion is covered by Exemption 5. No recommendation or discussion of agency response to plaintiff is made, rather, the author simply reports that he asked a third party to investigate plaintiff's allegations about the procurement process. This does not reveal any privileged information about OIG's management methods.

The Court finds this document contains factual material that is not inextricably intertwined with the identity of investigatory witnesses and sources. The Court finds that the public interest in the factual information is significant because it relates to the agency's performance of its duties.

The Court rejects the use of Exemption 6 because defendant has failed to show that serious privacy interests are raised by document 34 so as to make release of the factual material a "clearly unwarranted" invasion of privacy.

Therefore, the Court orders the release of document 34 subject to the deletions noted by the Court.

*Document 39*

Defendant released a one-page memorandum transmitting a "Clarifying Memorandum" deleting the names of an OIG special agent and the person signing the transmittal.

**Analysis:**

The Court finds that the public interest in the deleted information is minimal and does not outweigh the privacy interests of the author and OIG employee/investigator named. *New England Apple Council v. Donovan,* 725 F.2d 139 (1st Cir.1984). Government officials do not lose all of their privacy concerns simply by serving as public officials. *Nix v. United States,* 572 F.2d 998, 1006 (4th Cir.1978).

Therefore, the Court accepts release of document 39 with deletions made by defendant pursuant to 7(C).

***Document 40***

■ Defendant withheld in its entirety a two-page memorandum clarifying a Memorandum of Interview.

**Analysis:**

The Court finds that release of document 40 would be an unwarranted invasion of personal privacy pursuant to 7(C). The author seeks to clarify his relationship to a third party, believing it has been improperly described in a Memorandum of Interview. The relationship in question touches an area of personal privacy protected under Exemption 7(C). Public interest in this information is minimal because it does not concern the operation of DOE/OIG and is only tangentially related to plaintiff's allegations.

Therefore, the Court order document 40 withheld pursuant to Exemption 7(C).

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that defendant shall release the documents as ordered above.